IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) JUSTIN WALKER,

    Plaintiff,

v.

(1) VIC REGALADO, in his official capacity as TULSA COUNTY SHERIFF; and

(2) OFFICER JUSTIN ANDERSON, of the TULSA COUNTY SHERIFF'S OFFICE, in his individual capacity,

    Defendants.

Case No. 232-cv-0008-CVE-JFJ

## COMPLAINT

**COMES NOW** the Plaintiff, Justin Walker, and for his causes of action herein alleges and states as follows:

### PARTIES, JURISDICTION, AND VENUE

1. The Plaintiff is Justin Walker, an adult resident of Tulsa County, State of Oklahoma.

2. That Defendants are:

    a. Vic Regalado, in his official capacity; and

    b. Officer Justin Anderson, in his individual capacity. Officer Anderson is an officer and/or employee of the Tulsa County Sheriff's Office and at all times pertinent hereto was acting under the color of law.

3. This is a cause of action for a violation of Mr. Walker's constitutional rights pursuant to the Fourth and Fourteenth Amendments to the United States Constitution. Mr. Walker's right to be free from the use of excessive force was infringed up by government actors and is actionable under 42 U.S.C. § 1983. Jurisdiction over such claims is vested pursuant to 28 U.S.C. § 1331 and

42 U.S.C. § 1983. Mr. Walker's corresponding state claims arise out of the same core facts and jurisdiction over those claims is vested in this Court pursuant to 28 U.S.C. § 1367.

4.  Defendants are located in Tulsa County, Oklahoma and all acts complained of herein occurred in Tulsa County. Tulsa County is located within the Northern District for the United States District Court of Oklahoma and, therefore, venue is proper in this Court pursuant to 28 U.S.C. § 1391(B).

## FACTUAL ALLEGATIONS

5.  On or about November 25, 2021, Mr. Walker was attending a family gathering.

6.  Due to a report of a disturbance, officers from the Tulsa County Sheriff's Office were dispatched to the location of the gathering.

7.  Defendant, Justin Anderson, detained Mr. Walker and handcuffed Mr. Walker.

8.  While Mr. Walker was subdued and handcuffed, Defendant Anderson picked Mr. Walker up and slammed Mr. Walker to the ground.

9.  Mr. Walker was compliant with Defendant Anderson.

10. Mr. Walker did not physically resist arrest.

11. Mr. Walker was unarmed and did not, at any point, physically or verbally threaten the officer. Nor did Mr. Walker attempt to flee.

12. Further still, Defendant Anderson had no knowledge of any information to reasonably believe that Mr. Walker was armed, violent, or potentially dangerous.

13. In spite of all this, Defendant Anderson made the decision to pick up Mr. Walker and slam Mr. Walker to the ground, injuring Mr. Walker.

14. Defendant Anderson was subjectively aware that his use of force on Mr. Walker

would severely injure Mr. Walker.

15. Defendant Anderson had no objective reason, based on Mr. Walker's actions, that justified the level of force used on Mr. Walker

16. As a result of Defendant Anderson's excessive force, Mr. Walker suffered fractures to his ribs, a hemothorax, and a collapsed lung.

17. Defendant Anderson was, at all times, acting under the color of state law.

18. Defendant Anderson was acting pursuant to a custom or policy of Vic Regalado and the Tulsa County Sheriff's Office and/or Vic Regalado.

19. The Tulsa County Sheriff's Office failed to train, supervise, and/or run a background check on Defendant Anderson prior to the incident described.

20. The Tulsa County Sheriff's Office, upon review of Defendant Anderson's actions, determined that Defendant Anderson's actions were in accord with the Tulsa County Sheriff's Office policies and/or customs.

## COUNT I

For his first cause of action, Mr. Walker alleges as follows:

21. Mr. Walker hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

22. The conduct by Defendant Anderson described herein constituted excessive force in violation of the Fourth Amendment of the United States Constitution, and clearly established law.

23. At all material times, Defendant Anderson was acting under the color of state law, as an agent of the Tulsa County Sheriff's Office, and within the scope of his employment and authority as a duly-certified law enforcement officer of the Tulsa County Sheriff's Office.

24. At all material times, Defendant Anderson had no reason to believe that Mr. Walker was armed or dangerous.

25. At all material times, Defendant Anderson did not have a reasonable fear of imminent bodily harm when he slammed Mr. Walker into the ground, nor did he have a reasonable belief that any other person was in danger of imminent bodily harm from Mr. Walker.

26. Every reasonable officer would have known that using force against a compliant individual, who is not resisting arrest, constitutes excessive force in violation of the Fourth Amendment.

27. Defendant Anderson's use of force was objectively unreasonable and violated clearly established law.

28. As a result of Defendant Anderson's unjustified, excessive, and illegal use of force, Mr. Walker experienced conscious pain and suffering.

29. Defendant Anderson never had a reasonable fear of imminent bodily harm, nor did he have a reasonable belief that any other person was in danger of imminent bodily harm from Mr. Walker at any time.

30. As a direct and proximate result of the acts and omissions described herein, Mr. Walker suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

## COUNT II

For his second cause of action, Mr. Walker alleges and states as follows:

31. Mr. Walker hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

32. Vic Regalado had final policymaking authority with regard to establishing written policies and training programs governing the conduct of Tulsa County Sheriff's officers performing policing functions on behalf of Vic Regalado.

33. Vic Regalado established and/or approved of Tulsa County Sheriff's Office's written policies and training governing the conduct of Tulsa County Sheriff's officers performing policing functions.

34. The written policies and training established and/or approved by Vic Regalado constitute the official policy of Tulsa County and were the moving force behind, and caused, Mr. Walker's injuries.

35. Vic Regalado, had knowledge of Tulsa County Sheriff's Office's unconstitutional practices and knowledge that the same gave rise to a risk of violations of citizens' federal rights.

36. Vic Regalado made a deliberate and/or conscious decision to disregard the known risk of harm that would result from Tulsa County Sheriff's Office's unconstitutional patterns and practices and was deliberately indifferent to and/or tacitly authorized the same.

37. On or prior to November 25, 2021, Vic Regalado, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that failed to provide for the safety of arrestees, detainees, and the like during arrest, including but not limited to the use of force.

38. On or prior to November 25, 2021, Vic Regalado, with deliberate indifference to the rights of arrestees, detainees, and the like, tolerated, permitted, failed to correct, promoted, or ratified a number of customs, patterns, or practices that shall be further identified in discovery.

39. Defendant Anderson was, at all times relevant hereto, acting pursuant to a custom or

policy of Vic Regalado wherein Vic Regalado failed to train, supervise and/or run a background check of the police officers of the Tulsa County Sheriff's Office.

40. The unconstitutional policies, practices, and customs defined herein were the moving force behind Mr. Walker's injuries.

41. As a direct and proximate result of the acts and omissions by Vic Regalado, Mr. Walker suffered severe and permanent injuries.

42. As a direct and proximate result of the acts and omissions described herein, Mr. Walker has suffered a violation of his rights and suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

## COUNT III

For his third cause of action, Mr. Walker alleges and states as follows:

43. Mr. Walker hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

44. Vic Regalado failed to properly train or modify its training to Defendant Anderson and its other officers, including but not limited to, matters related to the reasonable and appropriate use of force during such arrests.

45. Effectuating an arrest and using force to effectuate an arrest is a usual and recurring situation with which Tulsa County Sheriff's deputies and other agents encounter on a regular basis.

46. As such, Vic Regalado was aware of a need for more and different training.

47. With deliberate indifference to the rights of its citizens, Vic Regalado failed to provide adequate training to its officers on the use of force.

48. Vic Regalado was aware that a deprivations of constitutional rights of citizens were

likely to result from its lack of training and the failure to modify its training.

49. As such, Vic Regalado was deliberately indifferent and exhibited reckless disregard with respect to the potential violation of constitutional rights.

50. The failure to train and/or appropriately modify training constituted official Tulsa County policies, practices, or customs.

51. As a direct and proximate result of Vic Regalado's acts and omissions, Mr. Walker suffered injuries and experienced pain and suffering.

52. As a direct and proximate result of the acts and omissions described herein, Mr. Walker suffered compensatory and special damages as defined under federal common law and in an amount to be determined by a jury.

## COUNT IV

For his fourth cause of action, Mr. Walker alleges as follows:

53. Mr. Walker hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

54. The actions described above constitute a violation of Mr. Walker's right to be protected from the use of excessive force under the Fourth and Fourteenth Amendments to the United States Constitution, and this claim is brought against Defendant Anderson in his individual capacity, pursuant to 24 U.S.C. § 1983.

55. As damages, Mr. Walker has suffered severe physical, mental, and emotional injury in an amount to be determined by the jury.

56. These actions by the Defendant were willful or deliberately indifferent; therefore, Mr. Walker is entitled to punitive damages which should be assessed against the Defendant.

## COUNT V

For his fifth cause of action, Mr. Walker alleges as follows:

57. Mr. Walker hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

58. The Defendants, in their interactions with Mr. Walker owed Mr. Walker a duty of care.

59. The Defendants violated their duty of care to Mr. Walker, and as such the actions of Defendants, including but not limited to, negligent hiring, training and/or supervision of its officers, resulted in damages to Mr. Walker, including physical injury and severe emotional distress.

60. The actions described above constitute the tort of negligence, and this claim is brought against all Defendants.

61. As damages, Mr. Walker has suffered severe physical, mental, and emotional injury in an amount to be determined by the jury.

62. Mr. Walker is entitled to damages, including punitive damages, to the extent recognized and allowable under the laws of the State of Oklahoma.

## COUNT VI

For his sixth cause of action, Mr. Walker alleges as follows:

63. Mr. Walker hereby incorporates and re-alleges all preceding paragraphs as though fully pleaded herein.

64. Defendant Anderson was acting under the color of law at the time that Defendant Anderson unlawfully arrested Mr. Walker.

65. Defendant Walker was purportedly acting to enforce Tulsa County and/or Oklahoma

law pursuant to the authority granted to him by Tulsa County.

66. Vic Regalado is responsible for the hiring, training, firing, promoting, and disciplining of Tulsa County Sheriff's Deputies.

67. Defendant Anderson unlawfully ordered Mr. Walker to be placed under arrest without any articulable probable cause of an offense which unlawfully seized Mr. Walker.

68. The actions taken by Defendant Anderson exhibited deliberate indifference to the constitutionally protected rights of Mr. Walker on the part of Defendants and said actions were taken under the color of law pursuant to the authority granted to Defendant Anderson as a Tulsa County Sheriff's Deputy.

69. As a direct and proximate result of the aforementioned unlawful actions, Mr. Walker suffered a prohibited deprivation of his liberty by being unlawfully seized in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

70. Resultantly, Mr. Walker is entitled to damages and other relief as set forth herein.

**MR. WALKER DEMANDS A JURY TRIAL AS TO ALL ISSUES OF FACT HEREIN**.

**PRAYER FOR RELIEF**

Wherefore, Mr. Walker prays this Court to enter judgment granting the following relief as against the Defendants herein:

71. Damages in excess of Seventy-Five Thousand Dollars ($75,000) against the Defendants in an amount sufficient Mr. Walker for:

    a. The conscious pain, suffering, and mental anguish suffered by Mr. Walker;

    b. Medical bills incurred;

    c.    Violation of constitutional rights;

    d.    Punitive damages as determined by a jury;

    e.    Reasonable attorney fees, expert fees, and costs allowable under 42 U.S.C. § 1988;

    f.    Any other relief as this court deems just and proper.

Respectfully submitted,
WALSH & FRANSEEN

s/ Derek S. Franseen
Derek S. Franseen, OBA No. 30557
200 E. 10th Street Plaza
Edmond, OK 73034
(405) 843-7600 - Telephone
(405) 606-7050 - Facsimile
dfranseen@walshlawok.com
Counsel for Plaintiff