UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JUSTIN WALKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 23-CV-0008-CVE-JFJ |
| ) | |
| JUSTIN ANDERSON, ) | |
| in his individual capacity, ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

On January 6, 2023, plaintiff filed a complaint against defendants Vic Regalado, in his official capacity as Tulsa County Sheriff, and Justin Anderson, in his individual capacity as an officer/employee of the Tulsa County Sheriff's Office. The complaint alleges six claims for relief: a 42 U.S.C. § 1983 claim against Anderson for excessive force in violation of the Fourth Amendment to the United States Constitution (count one); a municipal liability claim against Regalado arising from Anderson's alleged actions (count two); a municipal liability claim against Regalado for failure to train or supervise (count three); punitive damages against Anderson arising from alleged excessive use of force (count four); an Oklahoma state law claim for negligence against Regalado and Anderson (count five); and a 42 U.S.C. § 1983 claim against Anderson for unlawful arrest in violation of the Fourth and Fourteenth Amendments to the United States Constitution (count six). Dkt. # 2, at 3-9.

Defendants Regalado and Anderson filed a motion to dismiss (Dkt. # 12) the state law negligence claim (count five) for lack of subject matter jurisdiction, pursuant to Federal Rules of Civil Procedure 12(b)(1); to dismiss the two counts against Regalado in his official capacity, which are claims for municipal liability (counts two and three), to dismiss the § 1983 unlawful arrest claim

against Anderson (count six) for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6). Dkt. # 12. Defendants did not move to dismiss the § 1983 excessive force claim (count one) or the corresponding claim for punitive damages against Anderson (count four). While punitive damages is pleaded as a separate claim (count four), the Court notes that punitive damages is a remedy for count one, not a separate claim for relief. Therefore, because punitive damages are included in plaintiff's prayer for relief, the Court deems count one to seek punitive damages as a remedy against Anderson, and will dismiss count four for failure to state a separate claim under Rule 12(b)(6).

Prior to responding to defendants' motion, plaintiff filed a "Notice of Dismissal Without Prejudice of Defendant Vic Regalado in his Official Capacity As Tulsa County Sheriff," (Dkt. # 14), which dismissed all claims against Regalado and the municipality and terminated Regalado as a party defendant. Plaintiff also "concedes that his state law [negligence claim (count five)] against [] Anderson should be dismissed."[1] Dkt. # 15, n. 1. Thus, the motion to dismiss (Dkt. # 12) is moot as to the claims against Regalado (counts two, three, and five), and granted without objection as to the negligence claim against Anderson (count five). Plaintiff responded to the arguments regarding the only remaining claim addressed in the motion to dismiss, whether plaintiff has plausibly alleged a 42 U.S.C. § 1983 claim for unlawful arrest, and, if so, whether Anderson is entitled to qualified immunity at this stage of the litigation. See Dkt. # 15. Anderson has filed a reply (Dkt. # 17).

**I.**

---

[1] As a preliminary matter, the parties are correct that the Court lacks subject matter jurisdiction to hear plaintiff's state law tort claim, as it is barred by the doctrine of sovereign immunity and the requirements of the Oklahoma Governmental Tort Claims Act. Okla. Stat. tit. 51, §§ 152.1 et seq. Therefore, plaintiff's fifth claim should be dismissed without prejudice.

2

Plaintiff alleges the following facts in his complaint: on or about November 25, 2021, plaintiff "was attending a family gathering." Dkt. # 2, at 2. After "a report of a disturbance, officers from the Tulsa County Sheriff's Office were dispatched to the location of the gathering." Id. Then, Anderson "detained [plaintiff] and handcuffed [plaintiff]." Id. While plaintiff was handcuffed, Anderson "picked [plaintiff] up and slammed [him] to the ground." Id. Plaintiff "was compliant" with Anderson, "did not physically resist arrest," did not attempt to flee, and "was unarmed and did not, at any point, physically or verbally threaten." Id. Plaintiff also alleges that Anderson "had no knowledge of any information to reasonably believe that [plaintiff] was armed, violent, or potentially dangerous," and there was "no objective reason . . . that justified the level of force used." Id. at 2-3. Anderson "made the decision to pick up [plaintiff] and slam [him] to the ground," knowing that the use of force "would severely injure" plaintiff. Id. As a result, plaintiff "suffered fractures to his ribs, hemothorax, and a collapsed lung." Id. at 3.

The complaint states that Anderson was acting "under the color of state law" and "pursuant to a custom or policy" of the Sheriff's Office. Id. at 3. Plaintiff also alleges that the Sheriff's Office "failed to train, supervise, and/or run a background check" on Anderson prior to the incident. Id. Finally, plaintiff alleges that after reviewing Anderson's actions, the Tulsa County Sheriff's Office "determined that [] Anderson's actions were in accord with the Tulsa County Sheriff's Office policies and/or customs." Id.

## II.

In considering a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic

recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly "expounded the pleading standard for all civil actions." Ashcroft v. Iqbal, 556 U.S. 662, 683 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Comm'rs, 263 F.3d 1151, 1154-55 (10th Cir. 2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1109-10 (10th Cir. 1991).

### III.

Anderson argues that he is entitled to qualified immunity from plaintiff's § 1983 claim for unlawful arrest because plaintiff failed to allege facts that demonstrate that his constitutional rights were violated . Dkt. # 12, at 3-4; Dkt. # 17, at 2-3. Defendant also argues that plaintiff's factual allegations "are insufficient to determine the specific right at issue," and therefore, "it would be impossible for a court to determine whether [] Anderson's alleged conduct violated clearly-established law." Dkt. # 17, at 3. Plaintiff responds that the facts alleged do not support a finding

that Anderson had probable cause for his arrest, and so he adequately pleaded the violation of his constitutional right, and Anderson is not entitled to qualified immunity.  Dkt. # 15.

Section 1983 provides a cause of action against any "person who, under color of statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States  . . . thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and law" of the United States.  "The purpose of § 1983 is to deter state actors from using the badge of authority to deprive individuals of their federally guaranteed rights and to provide relief to victims if such deterrence fails."  Wyatt v. Cole, 504 U.S. 158, 161 (1992).  The Supreme Court has held that "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982).  Qualified immunity shields public officials from facing the burdens of litigation and is an immunity from suit, not simply a defense to a plaintiff's claims.  Serna v. Colorado Dept. of Corrections, 455 F.3d 1146, 1150 (10th Cir. 2006).  The Tenth Circuit applies a two-step analysis to determine if a defendant is entitled to qualified immunity.  A plaintiff must show that the defendant's actions violated a specific constitutional right and, if the plaintiff has shown that a constitutional violation occurred, the plaintiff must show that the constitutional right was clearly established when the conduct occurred.  Toevs. v. Reid, 685 F.3d 903, 909 (10th Cir. 2012).  Plaintiff bears the burden to prove that his constitutional rights were violated and that the law giving rise to his claim was clearly established at the time the acts occurred. Cox v. Glanz, 800 F.3d 1231, 1246 (10th Cir. 2015); Medina v. Cram, 252 F.3d 1124, 1128 (10th Cir. 2001).

Plaintiff claims that he was unlawfully arrested in violation of the Fourth Amendment (sixth claim for relief).  The Fourth Amendment protects the "right of the people to be secure . . . against unreasonable searches and seizures . . . ."  U.S. CONST. amend. IV.  In the context of a false arrest claim, "an arrestee's constitutional rights were violated if the arresting officer acted in the absence of probable cause that the person had committed a crime."  Kaufman v. Higgs, 697 F.3d 1297, 1300 (10th Cir. 2012). Probable cause exists when a police officer has sufficient information "to warrant a prudent man in believing that the [suspect] had committed or was committing an offense." Beck v. Ohio, 379 U.S. 89, 91 (1964).  This is an objective standard and a court must consider the totality of the circumstances to determine whether a reasonable officer would have believed there was probable cause to make an arrest.  Koch v. City of Del City, 660 F.3d 1228, 1239 (10th Cir. 2011). Probable cause "is measured at the moment the arrest occurs and must derive from facts and circumstances based on reasonably trustworthy information." Cortez v. McCauley, 478 F.3d 1108, 1121 (10th Cir. 2007).  Once probable cause is established, a police officer is not required to search for exculpatory evidence before arresting a suspect.  Id.  A defendant is entitled to qualified immunity from a false arrest claim if there was "arguable probable cause" to make an arrest. Kaufman, 697 F.3d at 1300.  "Arguable probable cause is another way of saying that the officers' conclusions rest on an objectively reasonable, even if mistaken, belief that probable cause exists." Stonecipher v. Valles, 759 F.3d 1134, 1141 (10th Cir. 2014).  "The proper inquiry in a § 1983 claim based on false arrest is not whether the person arrested actually committed an offense, but whether the arresting officer had probable cause to believe that he had."  Crawford ex. rel. Crawford v. Kansas City, Kansas, 952 F. Supp. 1467, 1474 (D. Kan. 1997) (citing Dowling v. City of Philadelphia, 855 F.2d 136, 141 (3d Cir. 1988)).

Plaintiff's § 1983 claim for unlawful arrest will fail if Anderson arguably had probable cause to arrest plaintiff for any crime, even if the Anderson was allegedly mistaken about certain facts. A.M. v. Holmes, 830 F.3d 1123, 1139-40 (10th Cir. 2016) (qualified immunity determination is governed by a standard of arguable probable cause, and officer will be entitled to qualified immunity even if mistaken about the existence of actual probable cause).  Therefore, plaintiff will not be able to show that his constitutional rights were violated if the facts alleged in his complaint support a finding that Anderson had probable cause to arrest him for any crime at the time of the alleged incident.

Plaintiff alleges that he was "attending a family gathering" when, "[d]ue to a report of a disturbance," Tulsa County Sheriff's officers were dispatched to the gathering, and Anderson "detained [plaintiff] and handcuffed [plaintiff]." Dkt. 2, at 2.  Based on these facts, the complaint alleges, Anderson "unlawfully ordered [plaintiff] to be placed under arrest without any articulable probable cause of an offense which unlawfully seized [plaintiff]." Id. at 9.  Accepting these alleged facts as true and construing them in the light most favorable to the plaintiff, the Court finds that plaintiff has failed to allege facts that support a finding that his constitutional rights were violated by his arrest.  Plaintiff claims that he was arrested without probable cause.  He has alleged facts that support that he was arrested, but has not alleged facts that support that it was done without probable cause.  As is it plaintiff's burden to allege facts that support a finding that Anderson violated plaintiff's constitutional right, which in this case includes the element that Anderson did not have probable cause, his § 1983 claim for unlawful arrest should be dismissed.

Defendant asks the Court to find that Anderson is entitled to qualified immunity and to dismiss plaintiff's claim with prejudice. Dkt. # 12, at 4; Dkt. # 17.  While plaintiff failed to allege

7

facts to support that he was unlawfully arrested, the Court makes no finding as to whether there was probable cause to arrest plaintiff. Just as plaintiff's complaint fails to state sufficient facts to allege a claim of unlawful arrest, it also lacks facts necessary for the Court to determine whether Anderson is entitled to qualified immunity at this stage of the litigation. Instead, the Court's finding is that plaintiff's complaint is simply devoid of the facts necessary to make any conclusion as to whether there was probable cause to arrest plaintiff. Therefore, count six should be dismissed without prejudice, and plaintiff should have an opportunity to amend his complaint with additional facts in support of his unlawful arrest claim, specifically as they relate to whether Anderson had probable cause to arrest plaintiff.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (Dkt. # 12) is **moot in part, granted in part, and denied in part as follows**: **moot** as to all claims against Regalado (counts two, three, and five); **granted** without objection as to count five against Anderson, and count five is **dismissed without prejudice**; and **granted in part**[2] as to plaintiff's 42 U.S.C. § 1983 claim for unlawful arrest (count six), which is **dismissed without prejudice** and plaintiff is granted leave to amend his complaint.

**IT IS FURTHER ORDERED** that plaintiff's separate claim for punitive damages (count four) against defendant Anderson is **dismissed without prejudice** for failure to state a claim. Count one, including a request for punitive damages, is plaintiff's only claim remaining at this time.

**DATED** this 26th day of April, 2023.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE

---

[2] Defendant's motion is granted in part as to count six because Anderson asked the Court to dismiss the claim with prejudice, but the Court is dismissing it without prejudice.